United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-60477
Summary Calendar

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**CURTIS NEAL JONES, JR.,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Mississippi
(3:04-CR-163)**

Before DAVIS, WIENER, AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Curtis Neal Jones, Jr. appeals the district court's denial of his motion to suppress evidence supporting his bench-trial conviction for possession of two firearms and ammunition by a convicted felon and possession of body armor by a person convicted of a crime of violence.

At the suppression hearing, an Officer from the Hinds County Sheriff's Office testified: the office received a narcotics complaint for Jones' residence; in response, Deputies went to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

residence and knocked on the door; Jones answered and produced identification as requested; upon being told the Deputies were investigating a narcotics complaint, Jones responded that he did not have any drugs; Jones answered affirmatively to a Deputy's asking if he could search his bedroom; the Deputy told Jones that, because he (the Deputy) did not have a warrant, Jones could stop the search at any time; and Jones was advised of his **Miranda** rights.

While searching Jones' bedroom, the Deputy observed an open bag containing a bulletproof vest and a black leather case containing firearms. After obtaining a search warrant, a Deputy resumed the search and found two boxes of ammunition.

Jones claims he did not consent to the search and, because the Deputies did not have a warrant, the search was unconstitutional. He contends that, before Deputies can gain an occupant's consent with the "knock and talk" approach, they must reasonably suspect criminal activity is afoot. He further contends his conviction should be set aside because the Deputies testified untruthfully.

For a motion to suppress, we review the district court's legal conclusions *de novo*; its findings of fact for clear error, viewing the evidence in the light most favorable to the Government. *E.g.*, **United States v. Charles**, 469 F.3d 402, 405 (5th Cir. 2006), *cert. denied*, 127 S. Ct. 1505 (2007). Jones' claim that false testimony was used to obtain his conviction is a mixed question of law and

fact.  We review the underlying facts for abuse of discretion; the legal conclusions based on those facts, *de novo*.  *E.g.*, ***United States v. O'Keefe***, 128 F.3d 885, 893 (5th Cir. 1997).

"Federal courts have recognized the 'knock and talk' strategy as a reasonable investigative tool when officers seek to gain an occupant's consent to search or when officers reasonably suspect criminal activity."  ***United States v. Jones***, 239 F.3d 716, 720 (5th Cir. 2001).  Here, the Deputies properly employed the "knock and talk" strategy to seek Jones' consent.  Accordingly, we must consider whether Jones voluntarily consented to the search.

Voluntariness, a question of fact, is determined according to a six-factor test:  (1) Jones' custodial status; (2) the presence or absence of coercive law-enforcement tactics; (3) the nature and extent of Jones' cooperation with the Deputies; (4) his knowledge of his ability to decline to give consent; (5) his intelligence and educational background; and (6) his belief that no incriminating evidence will be found.  ***United States v. Rivas***, 99 F.3d 170, 175-76 (5th Cir. 1996).

In denying Jones' motion to suppress, the district court analyzed these factors, noting:  Jones was at home, not in custody when he consented to the search; the Deputies were investigating a complaint of narcotics activity and there was no evidence of coercive law-enforcement tactics; Jones remained cooperative throughout the investigation by consenting to the search, waiving

3

his *Miranda* rights, and speaking with Deputies on two separate occasions; there was no indication Jones lacked the education or intelligence to understand he was waiving his rights by consenting; and Jones arguably believed his residence contained no incriminating evidence by telling Deputies he did not have narcotics. The district court applied the proper legal standard, and the factual findings made pursuant to that standard are *not* clearly erroneous.

Jones further claims that, because a Deputy testified at trial that the Deputies went to his apartment after receiving a call from an unknown person rather than a reliable confidential informant, as one Deputy stated in an affidavit to obtain the search warrant, his conviction should be set aside. For a conviction obtained through use of false evidence, known to be such by representatives of the Government, a new trial will be granted only if "(1) the statements in question are shown to be actually false; (2) the prosecution knew that they were false; and (3) the statements were material". *O'Keefe*, 128 F.3d at 893. At trial, the defense cross-examined one of the Deputies about the alleged discrepancy. The court explicitly found the testifying Deputy credible. Furthermore, the firearms and bulletproof vest were uncovered during the search

pursuant to Jones' consent, making the discrepancy regarding the tipster immaterial to his conviction.

**AFFIRMED**